Westman Realty Co., LLC v Nettles (2023 NY Slip Op 05346)

Westman Realty Co., LLC v Nettles

2023 NY Slip Op 05346

Decided on October 19, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 19, 2023

Before: Kapnick, J.P., Singh, Friedman, González, Shulman, JJ. 

Index No. 159605/20 Appeal No. 849 Case No. 2023-02325 

[*1]Westman Realty Company, LLC, Plaintiff-Appellant,
v
Steven Nettles et al., Defendants-Respondents.

The Abramson Law Group, PLLC, New York (Adina T. Glass of counsel), for appellant.
Law Office of Jack L. Lester, East Hampton (Jack L. Lester of counsel), for respondents.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered April 7, 2023, which, to the extent appealed from as limited by the briefs, denied plaintiff landlord's motion to dismiss tenants' eighth and ninth affirmative defenses of tenant harassment and unlawful rent demand and second counterclaim for rent overcharges, and denied that part of the motion seeking to direct tenants to deposit rent arrears and use and occupancy pendente lite with the court, unanimously modified, on the law, to grant that part of the motion for use and occupancy pendente lite, to set the matter down for a hearing to calculate the proper amount to be paid by tenants pendente lite, and otherwise affirmed, without costs.
In 2018, tenants sued landlord in Supreme Court, alleging that the apartment at issue was rent stabilized. Supreme Court dismissed the proceeding on the grounds that the Division of Housing and Community Renewal (DHCR) had primary jurisdiction over such claims. In 2019, following enactment of the Housing Stability and Tenant Protection Act of 2019 (HSTPA), tenants again sued landlord in Supreme Court. They asserted the same factual allegations and claims. Supreme Court dismissed the suit, both as barred by res judicata and on the grounds that the HSTPA did not apply retroactively. Tenants did not appeal from either dismissal. In 2020, landlord sued tenants in Supreme Court for unpaid rent. Tenants interposed affirmative defenses and counterclaims based on the purported rent stabilization of the apartment.
The motion court correctly determined that the dismissal of the two earlier actions between the parties in favor of being heard before the DHCR did not bar tenants' affirmative defenses and counterclaim in this action. Landlord's election to litigate the rent claims in Supreme Court puts into controversy whether the rent amounts are barred by the rent stabilization laws. Tenants' affirmative defenses and counterclaims are intertwined with landlord's claims. Thus, in the interests of judicial economy, those defenses and counterclaims are properly adjudicated here. In any event, to the extent that the orders in the earlier actions required defendants to bring their claims before DHCR, the affirmative defense to plaintiff's claims for rents due in 2020 could not have been adjudicated in the earlier actions, as those amounts had yet to accrue, and as of June 14, 2019, the amendment to the Emergency Tenant Protection Act of 1974 § 12[a][1][f] (McKinney's Uncons Law NY § 8632[a][1][f] [L 1974, ch 576, sec 4, § 12], as amended by the HSTPA [L 2019, ch 36, § 1, part F, § 1]) unequivocally and expressly permits defendants to litigate their overcharge counterclaim in Supreme Court (see Collazo v Netherland Prop. Assets LLC, 35 NY3d 987, 990 [2020]).
Although landlord purports to appeal from Supreme Court's denial of its motion to dismiss the affirmative defense of tenant harassment, it offers no argument in support of its position on this issue. Thus, [*2]it has abandoned its appeal on this issue.
We modify the order to grant that part of the motion seeking use and occupancy pendente lite and to set the matter down for a hearing to determine the amount to be paid by defendants (see 43rd St. Deli, Inc. v Paramount Leasehold, L.P., 107 AD3d 501, 501 [1st Dept 2013]). Although the motion court has "broad discretion" in setting use and occupancy, plaintiff demonstrated that it was entitled to pendente lite relief (id.). Because the amount in the lease is contested based on the alleged rent overcharges, and plaintiff did not meet its burden to establish that the rent in the lease was reasonable under the circumstances, a hearing is warranted (see Bozzi v Goldblatt, 160 AD2d 647, 648 [1st Dept 1990]; see also Mushlam, Inc. v Nazor, 80 AD3d 471, 472 [1st Dept 2011]).
We have considered plaintiff's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 19, 2023